## Case No. 11,353.
### POWDEN v. JOHNSON.
[2 N. J. Law J. 48; 7 Reporter, 294.] [1]

Circuit Court, D. New Jersey. 1878.

EQUITY PLEADING—RESPONSIVE ANSWER—HOW OVERCOME.

The old rule that two witnesses are required to overcome the denial of responsive answer has been modified. A single witness must be corroborated by additional testimony or by circumstances. If the complainant produces a defendant as a witness, he must accept the whole of his evidence.

The complainant's bill was filed by a receiver of an insolvent national bank to hold the defendant, Johnson, personally liable as a stockholder. It alleged that the defendant, Johnson, in January 10th, 1870, became the owner of 130 shares of the capital of the First National Bank of Norfolk, Va.; that the bank failed to honor its notes May 26th, 1874, and that the complainant was appointed receiver June 3d, 1874; that the defendant, Johnson, visited Norfolk in January, 1874, for the purpose of examining into the affairs of the bank, and becoming satisfied that it was in a critical condition, and that a suspension was inevitable, he returned to New Jersey, and immediately thereafter, to wit, on the 15th of January, 1874, in order to exonerate himself from liability to the creditors of the association, transferred or caused to be transferred his 130 shares of stock to the defendant Valentine, and that the pretended transfer was made without legal consideration, and with a view of releasing himself from his liability, and to one who was known to be insolvent. The bill prays that the transfer may be set aside. A joint and several answer was filed by the defendants, in which they deny all the material allegations of the bill, and assert that the transfer was made by said Johnson to said Valentine (who was his mother-in-law) in good faith and for a valuable consideration, without knowledge of the failing condition of the association. Testimony was taken on the part of the complainant.

Thomas D. Hoxsey and L. G. Lewis, for complainant.

Thomas N. McCarter, for defendant.

---

[1] [Reprinted from 7 Reporter, 294, by permission. It contains only a partial report.]

NIXON, District Judge, after stating the case, said the question was whether the evidence in the case overcomes the force of the defendant's denial in the answer, and proceeded as follows: The old rule in equity that, where a matter of fact is directly put in by the answer, the evidence of two witnesses is required as the foundation of a decree, has been modified in modern practice. But a single witness is still insufficient. He must be corroborated either by additional testimony, or by circumstances, before a decree can be entered for the complainant. 1 Greenl. Ev. § 260; Cooth v. Jackson, 6 Ves. 40; Heffner v. Miller, 2 Munf. 43; Smith v. Brush, 1 Johns. Ch. 460; Clark v. Van Reins Dyk, 9 Cranch [13 U. S.] 160; 2 Story, Eq. Pl. § 1528; Brown v. Bulkley, 14 N. J. Eq. 294. Upon what evidence does the complainant rely to overcome the answer? It must be borne in mind that the bill charges fraud. The burden of proof rests upon the complainant, and, the fraud being disavowed by the answer, the complainant must maintain his suit by his own strength. The late Mr. Justice Story, in considering a very similar case,—Phettiplace v. Sayles [Case No. 11,083],—says: "It is necessary to consider whether the circumstances relied on as presumptive of fraud are of such a nature as to outweigh the positive denials of the answer. It is not sufficient for the plaintiff to show circumstances of suspicion or doubt. He must go further, and establish beyond a reasonable doubt that the weight of evidence and circumstances are so decisively in his favor as to destroy the ordinary credit of the answer." The court then discusses at length the evidence of the officers of the bank and of one of the defendants, Mrs. Valentine, who was produced on the part of the complainants. In speaking of the testimony of this witness the court said: She was placed on the stand by the complainant. He was not compelled to make her his witness; but having voluntarily done so, he must accept her evidence as true unless she has been contradicted by others. The law does not permit litigants to experiment with interested parties, allowing them to call their adversaries to testify, and then to take such portions of their testimony as happens to be in their favor, and reject such as seems to bear against them. The court considered the evidence of Mrs. Valentine favorable to the defendants, and concluded as follows: This is the testimony of a witness on the part of the complainant, and it stands uncontradicted, except by inferences to be drawn from suspicious conduct and acts on the part of the defendant. There are doubtless circumstances in the case which cast over it a cloud of suspicion and doubt; but these are not sufficient to establish bad faith or fraud in the transfer, or to negative the positive denials of the answer. Gould v. Gould [Case No. 5,637].

We are quite clear that upon the merits of the case, as exhibited in the pleadings and the proofs, the complainant's bill should be dismissed; and it is ordered accordingly.